■ HALMAR CORPORATION & DEFOE CORP., Respondent-Appellant, v HUDSON FOUNDATIONS, INC., et al., Defendants, and EBASCO INFRASTRUCTURE, Appellant-Respondent. [623 NYS2d 2] —In an action, *inter alia,* to recover damages for breach of contract, negligent misrepresentation, and fraud, the defendant Ebasco Infrastructure and Greenman-Pedersen, Inc., a joint venture, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered May 5, 1993, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the sixth and seventh causes of action of the complaint insofar as they are asserted against it, and the plaintiff Halmar Corporation & Defoe Corp., a joint venture, cross-appeals from so much of the same order as denied its cross motion for discovery pursuant to CPLR 3211 (d).

Ordered that the order is modified by (1) deleting the provision thereof which denied that branch of the appellant-respondent's motion which was to dismiss the seventh cause of action insofar as it is asserted against it and substituting therefor a provision denying that branch of the motion without prejudice to renew upon the completion of discovery, and (2) deleting the provision thereof which denied the respondent-appellant's cross motion for discovery pursuant to CPLR 3211 (d) and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the respondent-appellant, and the matter is remitted to the Supreme Court for further proceedings consistent herewith.

The allegations in the complaint and the plaintiff's submissions in opposition to the motion of Ebasco Infrastructure and Greenman-Pedersen, Inc., a joint venture (hereinafter Ebasco), satisfy all the prerequisites to state a viable cause of action for negligent misrepresentation *(see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 425).* Although there was no contract between the plaintiff and Ebasco, the record supports the plaintiff's contention that

their relationship was so close as to approach privity *(see, Reliance Ins. Co. v Morris Assocs.,* 200 AD2d 728; *McKinney & Son v Lake Placid 1980 Olympic Games,* 92 AD2d 991, 993, *affd* 61 NY2d 836). Thus, the court properly denied Ebasco's motion to dismiss the sixth cause of action insofar as it is asserted against it.

The factual allegations of the seventh cause of action, insofar as it is asserted against Ebasco, fail to satisfy the particularity requirements of CPLR 3016 (b). There are no allegations directly linking Ebasco to the bribery and fraudulent certification scheme perpetrated by the employees of the other subcontractors working at the job site. However, we conclude that the plaintiff has made a sufficient showing that facts essential to establish such a direct link may be uncovered during discovery proceedings. We, therefore, deny the motion to dismiss in accordance with CPLR 3211 (d) without prejudice to renew it upon the completion of discovery *(see, Cerchia v V. A. Mesa, Inc.,* 191 AD2d 377). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.