ROBBINS MBW CORP., Respondent, v SHULA ASHKENAZY, Appellant. ROBBINS MBW CORP., Respondent, v ITZHAK ASHKENAZY, Also Known as Izzy ASHKENAZY, Appellant, et al., Defendants, et al., Counterclaim Defendants. [644 NYS2d 260]

Plaintiff brought separate actions against defendants Shula and Itzhak Ashkenazy to recover on the same promissory note. The Ashkenazys issued the note as partial consideration for the purchase of 16 retail stores from plaintiff. In his answer, Itzhak Ashkenazy, *inter alia*, raised the affirmative defense of fraud in the inducement and also brought a counterclaim under the Racketeer Influenced and Corrupt Organizations Act (RICO; 18 USC §§ 1961-1968). In response to plaintiff's motion for summary judgment in lieu of complaint against Shula Ashkenazy and for summary judgment and dismissal of the counterclaims against Itzhak Ashkenazy, both defendants raised the defense of fraud in the inducement.

In asserting such defense, the Ashkenazys alleged that plaintiff knowingly misrepresented the fact that it was conducting aspects of its retail operation in violation of the law by, *inter alia*, failing to report a significant portion of its receipts and making purchases and paying salaries in unreported amounts of cash. The IAS Court granted plaintiff summary judgment against both Ashkenazys, finding their proof conclusory, unsubstantiated or based upon inadmissible hearsay. However, we think that the Ashkenazys' averments were made with sufficient specificity to overcome plaintiff's motions for summary judgment.

Where the claim is that plaintiff was making illicit cash payments in an attempt to evade taxes, the Ashkenazys cannot be expected to proffer more than they have done in the way of specificity. Additionally, although the transcripts of conversations between the Ashkenazys' son and Robbins' former executives regarding cash payments to Robbins' employees "off the books" are undoubtedly inadmissible, as unsworn statements, they suffice to defeat summary judgment for two reasons.

First, there is no likelihood that the Ashkenazys will be able

to obtain admissible evidence from any source currently available to them, i.e., the former Robbins' executives whom they had fired. Those executives had submitted affidavits on plaintiff's behalf, and anything they would submit in the Ashkenazys' favor would amount to admissions of complicity in tax fraud (cf., *Landisi v Beacon Community Dev. Agency*, 180 AD2d 1000, 1003). Second, the hearsay affidavits submitted by Itzhak and his investigator regarding conversations with the former general manager are supported in part by the former general manager's own affidavit, which was submitted by plaintiff, in which the executive admitted lying to the Ashkenazys' son about being paid an additional $30,000 to $40,000 "off the books". Though amounting to a recantation of his out-of-court statement, this averment by a person with first-hand knowledge raises an issue of fact as to the alleged illicit cash payments.

The IAS Court, however, properly dismissed Itzhak's third counterclaim under the RICO statute. RICO claims must be pleaded with particularity and allege a pattern of racketeering activity. Because Itzhak failed to specify the time, place, manner or content of any false filings he alleged were made by Robbins, he has not met the particularity requirement. Furthermore, Itzhak has not alleged a pattern of racketeering activity. The sole transaction complained of is the one-time sale of Robbins' business to him. Concur—Milonas, J. P., Rosenberger, Kupferman, Williams and Mazzarelli, JJ.