■ 136 EAST 56TH STREET OWNERS, INC., Appellant-Respondent, v DARNET REALTY ASSOCIATES et al., Respondents-Appellants, and CHARLES H. GREENTHAL & Co., Respondent. [670 NYS2d 97] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about August 13, 1997, which, in an action by a residential cooperative against its former managing agent, directors, officers and sponsor for breach of contract and breach of fiduciary obligations in connection with a lease of retail stores and garage space entered into between the cooperative and its sponsor, insofar as appealed from, denied plaintiff's motion for leave to amend its complaint so as to add a cause of action against all defendants for violation of the Racketeer Influenced Corrupt Organization Act (RICO) statute (18 USC § 1962 [c]), without prejudice to renewal, and denied defendants' cross motion for indemnification of attorneys' fees and expenses incurred by the individual defendants in defending this action, without prejudice to renewal, unanimously modified, on the law and the facts, to deny plaintiff leave to renew or replead the RICO cause of action and to grant defendants' cross motion, and the matter is remanded for a determination of the individual defendants' reasonable attorneys' fees and expenses, and otherwise affirmed, without costs.

We agree with the IAS Court that plaintiff's proposed RICO claim is not sufficiently pleaded, in that it does not allege the content of any false statements in defendants' reports to plaintiff of their lease obligations, does not indicate the role played by each defendant in creating or sending the false reports, and indicates a fraud only on an unspecified out-of-State bank and unspecified out-of-State potential purchasers who are not parties to this action (*see, Mills v Polar Molecular Corp.*, 12 F3d 1170, 1176; *Robbins MBW Corp. v Ashkenazy*, 228 AD2d 357, 359; *Browning Ave. Realty Corp. v Rubin*, 207 AD2d 263, 266-267, *lv denied* 85 NY2d 804). However, concerning the individual defendants' cross motion for pendente lite

indemnification of their reasonable attorneys' fees and expenses pursuant to Business Corporation Law § 724 (c), genuine issues of fact and law are raised warranting such relief (*ibid.*), defendants having previously succeeded in obtaining the dismissal of the fraud and certain breach of lease of claims, and having presently succeeded in opposing plaintiff's attempt to add a RICO claim (*see, Sierra Rutile v Katz*, 1997 US Dist LEXIS 11018, *7 [SD NY, July 31, 1997, Keenan, J.], citing *Sequa Corp. v Gelmin*, 828 F Supp 203, 206). Accordingly, the matter is remanded to the IAS Court for a determination of the reasonable attorneys' fees and litigation expenses that should be advanced to the individual defendants, subject to repayment should defendants ultimately be found guilty of the wrongdoing alleged in the complaint (*see, supra*). Concur—Ellerin, J. P., Wallach, Tom and Mazzarelli, JJ.