■ GIUNTA'S MEAT FARMS, INC., Respondent, v PINA CONSTRUCTION CORPORATION et al., Defendants, and STOP & SHOP SUPERMARKET COMPANY, LLC, Appellant. [932 NYS2d 523]—

In its complaint, the plaintiff alleged, inter alia, that the defendant Stop & Shop Supermarket Company, LLC (hereinafter Stop & Shop), tortiously interfered with a lease the plaintiff had entered into with the defendant Pina Construction Corporation.

The Supreme Court properly denied that branch of Stop & Shop's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it. "A party seeking to dismiss pursuant to CPLR 3211 (a) (1) on the ground that its defense is based on documentary evidence must submit documentary evidence that resolves all factual issues as a matter of law and conclusively disposes of the plaintiff's claim" (*Elow v Svenningsen*, 58 AD3d 674, 675 [2009]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]). The documentary evidence submitted by Stop & Shop, including various leases and agreements, failed to resolve all factual issues as a matter of law. Contrary to its contention, those documents did not establish the defense that it lacked notice or knowledge of the existence of the lease.

Additionally, the Supreme Court properly denied that branch of Stop & Shop's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to state a cause of action. When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Foley v D'Agostino*, 21 AD2d 60, 64-65 [1964]). In considering such a motion, the court must " 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007], quoting *Leon v Martinez*, 84 NY2d at 87-88).

Here, the complaint adequately pleaded a cause of action alleging tortious interference with a contract against Stop & Shop. Stop & Shop asserts that it has a defense to this cause of action inasmuch as it did not have notice or knowledge of the existence of the contract. On a motion made pursuant to CPLR 3211 (a) (7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party unless the motion is converted into one for summary judgment pursuant to CPLR 3211 (c) (*see Sokol v Leader*, 74 AD3d 1180, 1181 [2010]). Thus, the plaintiff was not required to disprove the defense of lack of notice or knowledge. Furthermore, facts essential to the opposition of the motion were in the possession of Stop & Shop, and warranted the denial of the motion (*see* CPLR 3211 [d]; *Peterson v Spartan Indus.*, 33 NY2d 463 [1974]).

Stop & Shop's remaining contentions are without merit. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.