■ MICHAEL LEMLE, Individually and as a Shareholder of 132 WEST 31ST STREET REALTY CORP., Suing in the Name of 132 WEST 31ST STREET REALTY CORP., Appellant, v FLORENCE LEMLE et al., Respondents. MICHAEL LEMLE, Individually and as a Shareholder of 132 WEST 31ST STREET REALTY CORP., Suing in the Name of 132 WEST 31ST STREET REALTY CORP., Respondent-Appellant, v FLORENCE LEMLE et al., Appellants-Respondents, et al., Defendant. [939 NYS2d 15]—

Defendant 132 West 31st Street Realty Corp. is a corporation owned and managed by the Lemle family. Plaintiff Michael Lemle and his three siblings, defendants Florence Lemle, Douglas Lemle and Deanne Lemle Bosnak, are shareholders, directors and officers of the corporation. Plaintiff and his siblings each owns approximately 4.6% of the corporation's outstanding shares. Nonparty Edna Lemle, the deceased mother of plaintiff and his siblings, also served as a director and was the majority shareholder, holding beneficial ownership of approximately 80% of the corporation's stock.

According to plaintiff, the corporation's principal asset is an underlease for an office building located in Manhattan. Plaintiff contends that although the corporation once actively managed the building, the building is now managed by an independent company, and the corporation is essentially a holding company that receives passive income from the underlease. The corporation's only other assets are securities, gold, and real property, and, according to plaintiff, the income derived from these assets is passive.

Plaintiff and his siblings each receives an annual director's fee of $40,000 and an annual officer's salary of $50,000. Florence Lemle, the corporation's chief financial officer and acting chief executive officer, receives an additional salary of $125,000. In addition, the corporation has extended loans to plaintiff and his siblings, in various amounts and subject to various terms.

Over time, controversies arose between plaintiff and his siblings with respect to the loan balances, interest rates, due dates and other terms. In June 2004, plaintiff and his siblings each entered into a loan modification agreement with the corporation. In those agreements, the parties agreed that each of the loan balances, "as they will ultimately be determined," will be payable "on the later of" the death of Edna Lemle and distribution of her estate or December 30, 2012.[1]

In 2007, plaintiff brought this action, individually and derivatively as a shareholder, alleging that his siblings have converted millions of dollars from the corporation in breach of their fiduciary duties. Plaintiff alleges, among other things, that they have falsified their corporate loan accounts and other corporate records to eliminate millions of dollars of principal and interest owed by them to the corporation. In addition, plaintiff claims that his siblings have wrongfully transferred corporate assets to themselves and others by way of excessive compensation and benefits, reimbursement for inappropriate personal expenses, and salaries or bonuses paid to individuals who performed no work for the corporation.

In the first amended complaint, plaintiff asserted derivative claims against his siblings for breach of fiduciary duty, conversion, fraud, and an accounting. In his individual capacity, plaintiff asserted claims against the corporation for common-law dissolution and the appointment of a temporary receiver, and sought injunctive relief against his siblings. The siblings and the corporation each moved to dismiss pursuant to CPLR 3211 (a). In addition, plaintiff sought a preliminary injunction prohibiting the individual defendants from using corporate funds to pay their litigation expenses, and the individual defendants cross-moved pursuant to Business Corporation Law § 724 (c) for advancement of those expenses. In a decision and order entered January 20, 2009, the motion court dismissed the complaint in its entirety, but granted leave to replead the fraud and injunction causes of action. The court denied plaintiff's request for a preliminary injunction and granted the individual defendants' cross motion for advancement of their litigation expenses.

---

1. After the agreements were signed, Edna Lemle died.

The motion court should not have dismissed the conversion and breach of fiduciary duty claims. Conversion is the unauthorized assumption and exercise of the right of ownership over another's property to the exclusion of the owner's rights (*Thyroff v Nationwide Mut. Ins. Co.*, 8 NY3d 283, 288-289 [2007]). "Where the property [alleged to have been converted] is money, it must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner" (*Republic of Haiti v Duvalier*, 211 AD2d 379, 384 [1995]). Thus, conversion occurs when funds designated for a particular purpose are used for an unauthorized purpose (*see Meese v Miller*, 79 AD2d 237, 243 [1981]).

Here, reading the complaint in a light most favorable to plaintiff, the conversion claim is sufficiently stated by, inter alia, allegations that plaintiff's siblings (1) falsified loan documents so as to eliminate millions of dollars in principal and interest they owed to the corporation; (2) used corporate funds to pay for personal vacation, shopping and other non-business-related expenses; and (3) used corporate funds to pay excessive compensation and benefits to themselves and other individuals who did little or no work for the corporation. Likewise, these allegations of self-dealing are sufficient to state a cause of action that plaintiff's siblings breached their fiduciary duties to the corporation.

At this early stage of the litigation, it cannot be said that those parts of the complaint alleging excessive compensation are barred as a matter of law by the business judgment rule. The business judgment rule prevents courts from inquiring into "actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Auerbach v Bennett*, 47 NY2d 619, 629 [1979]). However, "pre-discovery dismissal of pleadings in the name of the business judgment rule is inappropriate where those pleadings suggest that the directors did not act in good faith" (*534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick*, 90 AD3d 541, 542 [2011]).

The complaint alleges that (1) the individual defendants made statements suggesting that there was no legitimate basis for the inflated compensation; (2) when plaintiff proposed an outside auditor, his siblings objected, saying that they would be unable to answer questions about what they did for the company to earn their compensation; and (3) salary and benefits were paid to individuals who did no work at all for the corporation. Given the totality of the allegations of corporate theft and misconduct by the individual defendants, the complaint sufficiently states

for pleading purposes that the individual defendants acted in bad faith in setting the challenged compensation (see *Marx v Akers*, 88 NY2d 189, 203-204 [1996]).

The individual defendants contend that the loan modification agreements render plaintiff's claims about the false loan accounts nonjusticiable. Specifically, they argue that because the agreements defer payment of the loans to a future date, the claims are not ripe. We disagree. Although it is true that courts are not empowered to determine hypothetical or remote questions (*Ashley Bldrs. Corp. v Town of Brookhaven*, 39 AD3d 442 [2007]), here, as explicitly recognized in the modification agreements, a present controversy exists. Plaintiff's claims that his siblings altered corporate records to reduce their indebtedness to the corporation do not become nonjusticiable merely because the parties agreed to defer repayment.

Notably, the parties deferred only the date of repayment, not the resolution of all disputes concerning the proper amounts of the loans. The agreements place no restrictions on plaintiff's right to bring an action based on his siblings' alleged wrongful conduct. Although the agreements contemplate repayment of the loan balances "as they will ultimately be determined," nothing in that language, or any other part of the agreements, precludes the determination of the correct balances in a court action such as this one.

The cause of action seeking the appointment of a temporary receiver was correctly dismissed. "The appointment of a receiver is not a form of ultimate relief that can be awarded in a plenary action, but rather, is limited as a provisional remedy (see CPLR 6401 [a]) or as an aid in post-judgment enforcement (see CPLR 5228)" (*Old Republic Natl. Tit. Ins. Co. v Cardinal Abstract Corp.*, 14 AD3d 678, 680-681 [2005]).

After the court granted leave to replead, plaintiff filed a second amended complaint reasserting a fraud cause of action on behalf of the corporation, and seeking on his own behalf a permanent injunction. The individual defendants again moved to dismiss the complaint, and plaintiff sought reargument and renewal of the earlier motions to dismiss with respect to his other causes of action. In a decision and order entered July 13, 2010, the court dismissed the injunction claim, but denied the motion to dismiss the fraud cause of action as premature.[2]

Plaintiff asserts a derivative claim on behalf of the corpora-

---

2. The court also granted reargument with respect to the accounting causes of action, and upon reargument, denied the motion to dismiss those claims. The individual defendants do not challenge that ruling.

tion alleging that the individual defendants committed a fraud against the corporation. To establish fraud, a plaintiff must show a material misrepresentation of an existing fact, made with knowledge of its falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). The allegations that the individual defendants falsified their corporate loan accounts are sufficient to establish a knowing misrepresentation made to the corporation. However, an essential element of fraud is justifiable reliance upon the representations made (*Ross v Gidwani*, 47 AD3d 912 [2008]). The second amended complaint fails to set forth specific facts alleging that the corporation acted, or failed to act, in reliance on the misrepresentations. Thus, as presently pleaded, the fraud cause of action is not sufficiently stated.

Nevertheless, we agree with the motion court that dismissal of the fraud claim at this stage would be inappropriate. CPLR 3211 (d) provides a court with discretion to deny a motion to dismiss if it appears that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3211 [d]; *see Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]). Here, plaintiff has set forth a reasonable basis to believe that with additional discovery, especially access to backup documents concerning adjustments made to the loan accounts, he would be able to develop sufficient facts to establish the reliance element of this fraud claim asserted derivatively on behalf of the corporation.

In the second amended complaint, plaintiff alleges that he has not been provided with full access to corporate books and records, including records of the corporate accountant, documents supporting various adjustments to the loan accounts, and backup documentation for the general ledgers. Plaintiff maintains that he has made unsuccessful requests for these documents which, according to plaintiff, are in the exclusive possession and control of the individual defendants. Plaintiff also submitted a report of an accountant stating that he is unable to conduct an audit of the corporate books in the absence of such documentation. In his report, plaintiff's accountant states that, based on the available records, it appears that the corporation "simply removed" $2.2 million of indebtedness owed by Douglas Lemle alone. The accountant points to numerous other discrepancies in the loan accounts and other corporate records. In light of these specific facts, which are supported by the report of plaintiff's accountant, dismissal of the fraud claim was not warranted (*see Marcus Dairy v Jacene Realty Corp.*, 245 AD2d 493 [1997]; *Pappas v Pilevsky*, 225 AD2d 394 [1996]).

Likewise, plaintiff's cause of action for common-law dissolution, asserted in the first amended complaint, should not have been dismissed. There is a reasonable basis to believe that further discovery may reveal evidence of egregious conduct necessary to sustain the claim (*see Fedele v Seybert*, 250 AD2d 519, 521-522 [1998]; *see generally Leibert v Clapp*, 13 NY2d 313 [1963]). Denial of the motion to dismiss the fraud and dissolution claims, however, is without prejudice to renewal upon the completion of discovery (*see Halmar Corp. v Hudson Founds.*, 212 AD2d 505, 506 [1995]; *Cerchia v V.A. Mesa, Inc.*, 191 AD2d 377 [1993]).

Plaintiff's cause of action seeking a permanent injunction was properly dismissed. To plead a cause of action for a permanent injunction, a plaintiff must allege, inter alia, "[a] violation of a right presently occurring, or threatened and imminent" (*Elow v Svenningsen*, 58 AD3d 674, 675 [2009] [internal quotation marks omitted]). The complaint fails to allege any specific actions taken by the individual defendants to remove plaintiff as an officer or director or otherwise dilute his interest in the corporation. Furthermore, there is no showing that plaintiff does not have an adequate remedy at law (*see Mini Mint Inc. v Citigroup, Inc.*, 83 AD3d 596 [2011]).

On October 6, 2010, after the entry of both orders on appeal, the motion court directed an accounting of the corporation. The individual defendants argue that the court-ordered accounting moots all of plaintiff's claims relating to the loan balances. Because neither the accounting order, nor the facts and circumstances upon which it was issued, are part of the record on appeal, we cannot consider it (*see Ramirez v New York City Hous. Auth.*, 57 AD3d 231 [2008]). In any event, plaintiff is entitled to plead in the alternative (*see* CPLR 3014, 3017 [a]; *Volt Sys. Dev. Corp. v Raytheon Co.*, 155 AD2d 309 [1989]) and pursue his accounting claims and his tort claims simultaneously.

The motion court properly granted the individual defendants' motion for advancement of their reasonable litigation expenses. The individual defendants have "raised genuine issues of fact or law" (Business Corporation Law § 724 [c]) sufficient to be entitled to advancement of their expenses (*see 136 E. 56th St. Owners v Darnet Realty Assoc.*, 248 AD2d 327 [1998]). Concur—Saxe, J.P., Friedman, Moskowitz, Freedman and Richter, JJ.