■ JONATHAN POOLE, Appellant, v WEST 111TH STREET REHAB ASSOCIATES et al., Respondents. [995 NYS2d 550]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered April 24, 2013, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on his first, second, third, seventh, eighth, and ninth causes of action, unanimously modified, on the law, to dismiss the seventh cause of action, and otherwise affirmed, without costs.

The partnership agreement provides that the partnership will dissolve "upon the death of one of the General Partners." However, by continuing the business of the partnership after one general partner died in 1997, and after another died in 1998, the limited partners waived the dissolution provision, and they are estopped from invoking it now (*Matter of Birnbaum v Birnbaum*, 157 AD2d 177, 186-187 [4th Dept 1990]).

The partnership agreement provides that in the event of such dissolution the limited partners "may elect to continue the business of the Partnership." It does not require that the vote of the limited partners be unanimous. Nor does the absence of an express quorum requirement or proxy voting provision in the partnership agreement preclude proxy votes from being cast on a resolution at a partnership meeting (*see e.g. Wallace v Perret*, 28 Misc 3d 1023, 1029 [Sup Ct, Kings County 2010]).

Issues of fact exist as to whether the election of the successor general partner was valid. Moreover, issues of fact exist as to the limited partners' status. There is nothing in the record to

establish that the procedures set forth in the partnership agreement for the substitution of limited partners were ever implemented. However, the partnership's decade-long practice of deeming the deceased general partner's estate to have succeeded to a limited partner's interest raises issues of fact as to whether the partnership waived the requirement of those procedures (*see Birnbaum*, 157 AD2d at 186-187).

An ambiguity exists in the certificate of limited partnership (*see Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]). Paragraph 12 (b) requires that the deceased limited partner's estate be paid any accrued profits and his interest in the partnership be extinguished. However, paragraph 10 allows for the transfer of the deceased limited partner's interest to another upon his death.

The appointment of a temporary receiver is "not a form of ultimate relief that can be awarded in a plenary action," but a provisional remedy (CPLR 6401 [a]) or an aid in enforcing a money judgment (CPLR 5228; *Lemle v Lemle*, 92 AD3d 494, 498 [1st Dept 2012]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Acosta, Saxe and Manzanet-Daniels, JJ.