135 Bowery LLC v Beach Channel Shoppers Mart Co., LLC (2018 NY Slip Op 01443)





135 Bowery LLC v Beach Channel Shoppers Mart Co., LLC


2018 NY Slip Op 01443


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


5909 156014/13

[*1]135 Bowery LLC, et al., Plaintiffs-Respondents,
v
Beach Channel Shoppers Mart Co., LLC, Defendant-Appellant.


Lindenbaum & Young P.C., Long Island City (Robert J. Young of counsel), for appellant.
Stein Riso Mantel McDonough, LLP, New York (Gerard A. Riso of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about June 3, 2016, which granted plaintiffs' motion for summary judgment on the complaint, and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Plaintiffs established prima facie that defendant aided and abetted a fraud (see Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]). Copious documentation demonstrates that, without plaintiffs' authorization, defendant's now deceased managing member, Alan Young, acting as plaintiffs' attorney in a real estate transaction, funneled a portion of escrowed funds through defendant, and then disbursed the funds to affiliated entities. This transaction was part of a larger scheme to defraud plaintiffs of the proceeds of the sale of their property. Given that Young, as managing member of defendant and the sole signatory on defendant's bank account, perpetrated the fraud, knowledge of the fraud can be imputed to defendant (see Kirschner v KPMG LLP, 15 NY3d 446, 465 [2010]). Defendant then provided substantial assistance in the fraud by placing the proceeds of the fraud beyond plaintiffs' reach, thereby causing plaintiffs harm (see Chambers v Weinstein, 135 AD3d 450 [1st Dept 2016]). In opposition, defendant failed to raise an issue of fact.
Plaintiffs established a prima facie case of conversion (see State of New York v Seventh Regiment Fund, 98 NY2d 249, 259 [2002]; Lemle v Lemle, 92 AD3d 494, 497 [1st Dept 2012] ["(C)onversion occurs when funds designated for a particular purpose are used for an unauthorized purpose"]). It is undisputed that defendant possessed plaintiffs' funds without authorization and in derogation of plaintiffs' right of ownership. That the possession was only temporary raises no issue of fact (cf. People v Hardy, 26 NY3d 245, 250 [2015] ["The taking' element of larceny is satisfied by a showing that the thief exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights"]).
We need not determine whether the record establishes plaintiffs' unjust enrichment claim as a matter of law, since the damages sought under that claim are the same as those sought under the other claims.
Defendant's contention that under the doctrine of respondeat superior it cannot be held [*2]liable because Young was acting outside the scope of his employment when he committed his fraudulent acts was not raised before the motion court and thus is not properly before us. In any event, we reject the argument (see Kirschner, 15 NY3d at 465).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK