Martin v Chelsea Hotel Owner, LLC (2021 NY Slip Op 01003)





Martin v Chelsea Hotel Owner, LLC


2021 NY Slip Op 01003


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Manzanet-Daniels, J.P., Webber, Oing, Kennedy, JJ. 


Index No. 150594/19 Appeal No. 13149-13149A Case No. 2020-02359 2020-02410 

[*1]Deborah Martin, et al., Plaintiffs-Appellants,
v
Chelsea Hotel Owner, LLC, et al., Defendants-Respondents.


Leon I. Behar, P.C., New York (Mitchell P. Heaney of counsel) for appellants.
Kasowitz Benson Torres LLP, New York (Jennifer S. Recine of counsel), for Chelsea Hotel Owners, LLC, Richard Born and Chelsea Hotel F&B LLC, respondents.
James E. Johnson, Corporation Counsel, New York (Claibourne Henry of counsel), for New York City Department of Buildings, respondent.



Order, Supreme Court, New York County (Lynn J. Kotler, J.), entered May 21, 2020, which, insofar as appealed from as limited by the briefs, granted defendants Chelsea Hotel Owner LLC, Chelsea Hotel F&B, and Richard Born's motion for summary judgment dismissing the third cause of action and denied plaintiffs' motion for summary judgment on that cause of action, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about December 18, 2019, which denied plaintiffs' motion for a preliminary injunction, unanimously dismissed, without costs, as abandoned.
The court correctly found that the cause of action for an order requiring defendant owners of the subject building to have the building's certificate of occupancy modified to conform to a purported reclassification order should, in the first instance, be raised before the appropriate agency. Moreover, even if plaintiffs could seek the requested injunctive relief without first having exhausted their administrative remedies, they would not be entitled to summary judgment on this record, which does not contain a final reclassification order and does not show that the reclassification orders on which plaintiffs rely applied to the entire building. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021