D. S. v Positive Behavior Support Consulting & Psychological Resources, P.C. (2021 NY Slip Op 04626)





D. S. v Positive Behavior Support Consulting & Psychological Resources, P.C.


2021 NY Slip Op 04626


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-09135
 (Index No. 614713/18)

[*1]D. S., etc., et al., respondents, 
v
Positive Behavior Support Consulting and Psychological Resources, P.C., et al., defendants, Port Jefferson School District, appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for appellant.
Panetta Aminov, P.C., Islip, NY (Frank C. Panetta of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Port Jefferson School District appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated July 11, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The infant plaintiff allegedly was injured on May 16, 2017, while participating in a behavioral therapy session at his home, when the defendant Vito Silecchia, a therapist, allegedly grabbed the infant plaintiff, twisted his arm, and caused him to fall to the ground. The infant plaintiff, who was 14 years old at the time of the incident, had been diagnosed with autism and was a special education student in the defendant Port Jefferson School District (hereinafter the District). The infant plaintiff was subject to an individualized education plan, which provided for the infant plaintiff and his family to receive parent training services, among other services. The plaintiffs commenced the instant personal injury action against the District, Positive Behavior Support Consulting and Psychological Resources, P.C. (hereinafter PBS), and Silecchia. The plaintiffs alleged in the complaint that Silecchia was an agent, servant, and/or employee of, among others, PBS and the District.
The District filed a pre-answer motion, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it, contending, inter alia, that it retained PBS as an independent contractor to provide certain services, including parent training services, and that PBS retained Silecchia. In support of its motion, the District submitted, among other things, a copy of an agreement between the District and PBS dated July 1, 2016 (hereinafter the agreement). The Supreme Court denied that branch of the District's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it, and the District appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the complaint is [*2]to be afforded a liberal construction (see CPLR 3026). The facts as alleged in the complaint are accepted as true, the plaintiff is afforded the benefit of every possible favorable inference, and the court determines only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Under CPLR 3211(a)(1), dismissal is only warranted where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d at 88). Under CPLR 3211(a)(7), the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party (see Sokol v Leader, 74 AD3d 1180, 1181). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, "the criterion is whether the proponent of the pleading has a cause of action, not whether [the proponent] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
"The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment. Conversely, the general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (Rivera v Fenix Car Serv. Corp., 81 AD3d 622, 623; see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257; McHale v Metropolitan Life Ins. Co., 165 AD3d 914, 915-916). "Whether an actor is an independent contractor or an employee is usually a factual issue for a jury" (Rivera v Fenix Car Serv. Corp., 81 AD3d at 623; see Singh v Sukhu, 180 AD3d 834, 837).
"Control of the method and means by which the work is to be done is the critical factor in determining whether one is an independent contractor or an employee for purposes of tort liability" (Nachman v Koureichi, 165 AD3d 818, 820; see Sanabria v Aguero-Borges, 117 AD3d 1024, 1025; Begley v City of New York, 111 AD3d 5, 28). "Factors relevant to assessing control include whether the worker (1) worked at [her or] his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule" (Bynog v Cipriani Group, 1 NY3d 193, 198; see Nachman v Koureichi, 165 AD3d at 820). "[I]ncidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (Matter of Ted is Back Corp. [Roberts], 64 NY2d 725, 726; see Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015).
Here, the complaint adequately states a cause of action against the District, and the evidentiary materials submitted by the District did not conclusively establish that Silecchia was an independent contractor of the District (see Vestal v Pontillo, 158 AD3d 1036, 1038; see also Hernandez v Chefs Diet Delivery, LLC, 81 AD3d 596, 599; cf. McHale v Metropolitan Life Ins. Co., 165 AD3d at 916). Although the agreement provided that all employees of the service provider, which was defined as PBS, shall be deemed as employees of the service provider for all purposes and that the service provider alone would be responsible for their work, personal conduct, direction, and compensation, "[t]he fact that a contract exists designating a person as an independent contractor is to be considered, but is not dispositive" (Araneo v Town Bd. for Town of Clarkstown, 55 AD3d 516, 518; see Carlson v American Intl. Group, Inc., 30 NY3d 288, 301; Shanklin v Wilhelmina Models, Inc., 161 AD3d 610, 611; Hernandez v Chefs Diet Delivery, LLC, 81 AD3d at 599). Other provisions in the agreement, including the scope of services provision, which provided, inter alia, that parent training services shall be in coordination with the students' classroom teachers and/or at the direction of the District's Committee on Special Education, provided some indication that the District may have maintained control over the method and means by which PBS, and therefore, Silecchia, were to perform the work (see Rivera v Fenix Car Serv. Corp., 81 AD3d at 624; cf. McHale v Metropolitan Life Ins. Co., 165 AD3d at 916). Further, based upon those provisions in the agreement, the plaintiffs made a sufficient showing that facts essential to the opposition of the motion may be in the defendants' possession (see CPLR 3211[d]; Scarbough v Gonzalez, 187 AD3d [*3]813, 813; Giunta's Meat Farms, Inc. v Pina Constr. Corp., 89 AD3d 799, 800; Halmar Corp. v Hudson Founds., 212 AD2d 505, 506; cf. Karpovich v City of New York, 162 AD3d 996, 998; "John Doe 1" v Board of Educ. of Greenport Union Free Sch. Dist., 100 AD3d 703, 706).
The District's remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court