Matter of Martin v La Rocca (2024 NY Slip Op 00975)

Matter of Martin v La Rocca

2024 NY Slip Op 00975

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Singh, J.P., Friedman, González, Higgitt, Michael, JJ. 

Index No. 155421/21 Appeal No. 1762 Case No. 2022-02186 

[*1]In the Matter of Deborah Martin et al., Petitioners-Appellants,
v
Melanie La Rocca etc., et al., Respondents-Respondents.

Leon I. Behar, P.C., New York (Leon I. Behar of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jesse A. Townsend of counsel), for City respondents.
Mark F. Palomino, New York (Jeffrey G. Kelly of counsel), for New York State Division of Housing and Community Renewal, respondent.
Kasowitz Benson Torres LLP, New York (Jennifer S. Recine of counsel), for Chelsea Hotel Owner LLC, respondent.

Order and judgment (one paper), Supreme Court, New York County (Carol Edmead, J.), entered May 11, 2022, which, to the extent appealed from as limited by the briefs, granted the separate motions of respondents New York State Division of Housing and Community Renewal (DHCR), the New York City Department of Buildings (DOB), and Chelsea Hotel Owner LLC to dismiss this hybrid article 78 proceeding and action, unanimously affirmed, without costs.
Supreme Court properly denied petitioners' request for review of DHCR's alleged failure to, among other things, amend the building's multiple dwelling status in accordance with three January 2017 DHCR orders reclassifying apartments in the Chelsea Hotel from hotel stabilization to apartment building stabilization. In a letter dated April 27, 2021, DHCR informed petitioners that although the 2017 orders operated to reclassify the Chelsea Hotel, the orders did not change the building's status from Multiple Dwelling B (buildings occupied "transiently," such as hotels, lodging houses, single room occupancies, and dormitories) to Multiple Dwelling A (buildings occupied as permanent residences such as apartment houses and apartment hotels) because that designation is governed under the Multiple Dwelling Law, which is administered by DOB. Thus, DHCR stated, any issue regarding misuse of the building under the certificate of occupancy should be addressed with DOB. Petitioners never filed a petition for administrative review in response to this letter. Thus, the letter did not constitute a final DHCR determination that was ripe for article 78 review (see Rent Stabilization Code [9 NYCRR] § 2530.1; see also Matter of 333 E. 49th Partnership, LP v New York State Div. of Hous. & Community Renewal, 165 AD3d 93, 101 [1st Dept 2018], lv denied 33 NY3d 908 [2019]).
Supreme Court also properly denied petitioners' request for review of the DOB's alleged failure to require Chelsea Hotel Owner to amend the certificate of occupancy. Petitioners argue that such amendment is required under the Rent Stabilization Law. Yet DHCR, not DOB, is empowered to administer the Rent Stabilization Law (see Administrative Code of City of NY § 26-511[b]; see also id. § 26-506[b]; Rent Stabilization Code § 2521.3; compare New York City Charter § 643 [stating powers and duties of the DOB]). Thus, petitioners have not identified a violation of any statute within the DOB's purview. Moreover, violation of the Rent Stabilization Law is not grounds for the DOB to request modification of a certificate of occupancy (see Administrative Code of City of NY § 28-118.17 [authorizing requests for amendment "whenever the certificate is issued in error, or on the basis of incorrect information provided to the department, or the nonconforming use . . . is no longer permitted pursuant to article V of the New York city zoning resolution"]).
As for petitioners' request for a permanent injunction against Chelsea Hotel Owner, that relief is not warranted. Petitioners [*2]have not identified how they are harmed by use of the building as a transient use hotel (see Lemle v Lemle, 92 AD3d 494, 500 [1st Dept 2012]). Even assuming that a final order reclassifying the entire building would require cessation of its use as a hotel, no such order has been issued (see Martin v Chelsea Hotel Owner, LLC, 191 AD3d 534, 535 [1st Dept 2021]). Thus, petitioners have not alleged any "violation of a right presently occurring, or threatened and imminent" (Lemle, 92 AD3d at 500 [internal quotation marks omitted]).
We have considered petitioners' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024