(March 30, 1993)

■ JOSEPH CERCHIA, Appellant, v V.A. MESA, INC., Defendant, and GROUPY ENTERPRISES, INC., Respondent. [595 NYS2d 212] —Order, Supreme Court, New York County (Diane A. Lebedeff, J.), entered on or about June 1, 1992, which, *inter alia,* granted the motion of defendant-respondent Groupy Enterprises, Inc. to dismiss the complaint for lack of jurisdiction, unanimously reversed to the extent appealed from, on the law, with costs, and Groupy's motion to dismiss is denied without prejudice to renewal upon completion of discovery of Groupy and V.A. Mesa, Inc.

Plaintiff alleges that in January 1989, at a menswear show in Manhattan, he approached the vice president of defendant V.A. Mesa, Inc. and discussed his representing Mesa's clothing lines in New York. Subsequent negotiations by telephone allegedly resulted in an oral agreement with Mesa's vice president and president that plaintiff would maintain Mesa's New York showroon and act as its exclusive New York sales representative, which he did from February 1989 through April 1991. Plaintiff alleges that he terminated this relationship when Mesa attempted to reduce his commission rate, failed to pay him earned commissions on sales and failed to account for goods shipped in accordance with their agreement.

On April 1, 1991, defendant-respondent Groupy Enterprises, Inc. was incorporated in California, and on January 2, 1992 Mesa was "suspended" by the California Secretary of State for reasons not shown in the record. Mesa and Groupy shared the

same president and vice president, and their office and warehouse addresses were also the same. Moreover, one of the two clothing lines for which plaintiff acted as Mesa's representative, "Trio Collezione," was sold by Mesa to Groupy, although Groupy explains that the label was transferred only with respect to women's garments. At issue on this appeal is whether the IAS Court correctly granted Groupy's motion to dismiss on jurisdictional grounds before allowing plaintiff to conduct discovery.

In *Peterson v Spartan Indus.* (33 NY2d 463), it was stated that under CPLR 3211 (d), a plaintiff opposing a motion to dismiss need only show that facts unavailable to the plaintiff *may* exist which will justify denial of the motion, and need not demonstrate the actual existence of such facts. Here, discovery may reveal evidence supporting a conclusion that Groupy may be acting as a "dummy" corporation for Mesa so that the latter could avoid payment of plaintiff's commissions *(see, Pritchard Servs. v First Winthrop Props.,* 172 AD2d 394), or that Groupy is Mesa's agent with respect to the Trio Collezione label *(see, Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 467). These possibilities are set forth for illustration only, and not to suggest any merit to them or to limit the theories upon which plaintiff might assert jurisdiction over Groupy after the completion of discovery. Concur—Murphy, P. J., Carro, Kupferman, Asch and Kassal, JJ.