■ JEFFREY HERZOG et al., Respondents, v TOWN OF THOMPSON et al., Defendants, and WILLKIE FARR & GALLAGHER et al., Appellants. [628 NYS2d 869] —Spain, J. Appeal from an order of the

Supreme Court (Bradley, J.), entered April 26, 1994 in Sullivan County, which, *inter alia,* denied defendants' motions to dismiss the amended complaint.

During 1987 and 1988, defendant State Department of Environmental Conservation (hereinafter DEC) erroneously determined that the capacity of the sewage treatment facility (hereinafter the facility) in defendant Kiamesha Sewer District of Town of Thompson (hereinafter the District) was inadequate for the needs of the District. Thereafter, in June 1989, as a result of a complaint filed by DEC, defendant Town of Thompson (hereinafter the Town)[1] in Sullivan County entered into a judgment on consent which, *inter alia,* set up a timetable to expand and reconstruct the facility. The Town subsequently approved a $7.75 million bond issue to finance the expansion,[2] with payment of such bonds to be made from revenues generated by assessments upon real estate parcels within the District that benefit from the project as determined by the Town. In pursuance of the consent order and on advice of defendants Clark Engineers, P. C., Clark Engineers and Associates and Charles P. Walczak (hereinafter collectively referred to as Clark), the District's engineers, the new facility was constructed with Clark providing engineering services throughout the construction period.

In July 1993, taxpayers and owners of real property in the District commenced this action alleging, *inter alia,* that the expansion project was totally unnecessary because DEC's determination of insufficient capacity at the facility was based upon readings from a malfunctioning in-flow meter manufactured by defendant BIF Flow Meter Company (hereinafter BIF) and calibrated by defendant Isles Instrumentation Company (hereinafter Isles). Clark is alleged to have wrongfully relied solely upon the readings from the malfunctioning meter and erroneously determined that the then-existing sewer plant was taking in a greater volume of sewage than the plant was capable of processing when, in fact, the sewage inflow never exceeded two thirds of the plant's one million gallon capacity. Accordingly, plaintiffs' first supplemental and amended complaint asserted eight causes of action alleging that various defendants knew or should have known that the project was

---

1. Unless otherwise noted, defendants directly related to the Town of Thompson (i.e., the Town, the former and present members of the Town Board, and the Town Attorney), both individually and collectively, will be referred to as "the Town".

2. Defendant State Environmental Facilities Corporation is the present holder of the bonds.

unnecessary. At various times after the action was commenced, each defendant moved pursuant to CPLR 3211 to dismiss the amended complaint. After Supreme Court ordered defendants to comply with plaintiffs' document requests, plaintiffs, seeking further discovery, cross-moved for, *inter alia*, an order pursuant to CPLR 3211 (d) denying defendants' motions to dismiss without prejudice to renewal after completion of discovery. Various defendants opposed. Supreme Court denied defendants' motions and granted plaintiffs' cross motion.[3] Clark, the only remaining appellant, appeals.

Clark contends that the fifth cause of action, which alleges that Clark committed engineering malpractice, should be dismissed as a matter of law because the stated allegations do not constitute a cause of action pursuant to General Municipal Law § 51. Clark further argues that the action is time barred and that a negligence claim cannot be brought for purely economic loss. Plaintiffs argue that further discovery is essential.

CPLR 3211 (d) provides Supreme Court with the discretion to deny a motion to dismiss without prejudice to renewal after discovery if it appears that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3211 [d]; *see, Cerchia v V.A. Mesa, Inc.*, 191 AD2d 377). At the very least, plaintiffs must make a "sufficient start" and show their position "not to be frivolous" (*Peterson v Spartan Indus.*, 33 NY2d 463, 467; *see, Amigo Foods Corp. v Marine Midland Bank-N.Y.*, 39 NY2d 391, 395; *Ramsay v Bassett Hosp.*, 113 AD2d 149, 152, *lv dismissed* 67 NY2d 608). However, if the complaint fails to state a cause of action as a matter of law and no amount of

---

**3.** By order of Supreme Court (Bradley, J.) dated April 10, 1995, the sixth cause of action of the first supplemental and amended complaint (against BIF and Isles), the seventh cause of action (against the Town and the District) and the second cause of action (against DEC and State only) were dismissed with prejudice. Thereafter, Supreme Court (Bradley, J.) by order dated May 17, 1995, based upon a stipulation executed by the attorneys for plaintiffs and the attorneys for the Town, the District and Wilkie, Farr & Gallagher, *but not executed by attorneys for defendant Clark*, ordered, *inter alia*, that the third and fourth causes of action of plaintiffs' first supplemental and amended complaint be discontinued with prejudice and authorized and empowered plaintiffs to prosecute the fifth cause of action of plaintiffs' first supplemental and amended complaint against Clark in the name and stead of the Town and District.

This Court will disregard that portion of the May 17, 1995 order which allows plaintiffs to prosecute the fifth cause of action in place and stead of the Town because Clark has not stipulated to that provision.

The only remaining issue in the present appeal is whether Supreme Court correctly denied Clark's motion to dismiss the fifth cause of action; the only remaining appellant is Clark.

discovery can salvage the claim, it must be dismissed and no discovery is warranted (*see, Hoheb v Pathology Assocs.,* 146 AD2d 919, 921; *Mindel v Gross,* 132 AD2d 535, 536; *see also, Lancaster v Colonial Motor Frgt. Line,* 177 AD2d 152, 155).

It is well settled that taxpayers have no common-law right of action against public officers or their agents to prevent waste of public property or funds (*see, Altschul v Ludwig,* 216 NY 459, 464; 103 NY Jur 2d, Taxpayers' Actions, § 1, at 5; *see also, Matter of Schulz v State of New York,* 81 NY2d 336; *Wein v Comptroller of State of N. Y.,* 46 NY2d 394). Further, "a taxpayer action pursuant to section 51 of the General Municipal Law lies 'only when the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes' " (*Mesivta of Forest Hills Inst. v City of New York,* 58 NY2d 1014, 1016, quoting *Kaskel v Impellitteri,* 306 NY 73, 79, *cert denied* 347 US 934; *see, Matter of Schulz v Warren County Bd. of Supervisors,* 206 AD2d 672, *lv denied* 85 NY2d 805; *see also, Matter of Korn v Gulotta,* 72 NY2d 363, 371-372). Allegations of engineering malpractice and professional negligence do not sound in fraud and therefore do not constitute a cause of action pursuant to General Municipal Law § 51. Plaintiffs' failure to allege fraudulent behavior or illegal activities by Clark in the fifth cause of action is fatal. Accordingly, Clark's motion to dismiss the fifth cause of action should have been granted.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendants Clark Engineers, P. C., Clark Engineers and Associates and Charles P. Walczak to dismiss the fifth cause of action; motion granted to that extent and said cause of action is dismissed; and, as so modified, affirmed.