■ DINE-A-MATE, INC., Appellant, v J.B. NOBLE'S RESTAURANT, INC., et al., Respondents. [658 NYS2d 510] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Coutant, J.), entered March 25, 1996 in Broome County, which granted defendants' motion to dismiss the complaint for lack of personal jurisdiction.

The following facts are undisputed. Plaintiff is a New York corporation engaged in the publication and distribution of discount coupon books in various cities across the country.* Defendants, J.B. Noble's Restaurant, Inc. and Noble's Grille of Winston-Salem, Inc., are two restaurants doing business in North Carolina which are owned by related North Carolina corporations. In May 1995 William Collins, plaintiff's vice-president of sales and marketing, approached Tim Applegate, a co-owner and corporate officer of defendants, for a meeting to discuss plaintiff's program. When Collins arrived for the meeting, he was met by John Norris, who stated that Applegate could not attend but that he would meet with him. At the end of the meeting Norris signed two participation agreements,

---

* Plaintiff's business involves contacting restaurants and securing agreements with them to print coupons in their books. The books are then sold, usually to not-for-profit organizations and charities, who in turn sell the books to raise funds.

one on behalf of each of defendants. Norris' signatures appear directly below the following language: "The undersigned represents that he/she has the authority to execute this Agreement for Participation on behalf of the Merchant named above." The contracts also contained a clause by which defendants agreed to submit "to the jurisdiction of New York State Courts" and further agreed that "[t]he venue of any legal proceedings brought under this Agreement shall be in Broome County, New York".

Pursuant to the agreements, coupons valid at defendants' restaurants were included in plaintiff's North Carolina discount books. Plaintiff immediately began receiving customer complaints that the coupons were not being honored by defendants. As a result, plaintiff commenced this action for breach of contract, defamation and liquidated damages. Following service of the complaint, defendants moved to dismiss pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. In support of their motion, defendants submitted an affidavit from Applegate indicating that although he did send Norris to meet with Collins, it was only to get information; Norris did not have authority to bind defendants. In his affidavit, Norris stated that he was unable to contract for defendants, was not a general manager and that, while he did sign the agreements, he did not read them before doing so and was unaware of what he signed. In opposition, plaintiff submitted, *inter alia*, an affidavit from Collins stating that Norris did represent himself as a general manager who could act on behalf of Applegate and bind defendants and that Norris thoroughly read the agreements before signing them. Supreme Court granted defendants' motion and dismissed the complaint. Plaintiff appeals.

It is well established that, in determining whether to grant a motion to dismiss under CPLR 3211, a court must treat the affidavits submitted in opposition to the motion as true (*see, Leon v Martinez*, 84 NY2d 83, 87). Here, taking the affidavit of Collins and his supervisor as true, it can be assumed that Norris presented himself to Collins as a general manager who could act in Applegate's stead to bind defendants. Notably, defendants have not disagreed that, if duly executed, the forum choice clauses in the participation agreements are valid. It is settled law that "parties to an agreement may consent to submit to the jurisdiction of a court which would otherwise not have personal jurisdiction over them" (*Banco do Commercio e Industria de Soa Paolo v Esusa Engenharia e Construcoes*, 173 AD2d 340, 341; *see, VOR Assocs. v Ontario Aircraft Sales & Leasing*, 198 AD2d 638, 639).

Defendants argue that plaintiff could not prevail on the merits in proving Norris' authority (*cf.*, *Herzog v Town of Thompson*, 216 AD2d 801, 802-803) because hearsay declarations of an alleged agent may not be admitted for the purpose of proving the fact of agency (*see*, *Siegel v Kentucky Fried Chicken*, 108 AD2d 218, 222, *affd* 67 NY2d 792; *Moore v Leaseway Transp. Corp.*, 65 AD2d 697, 698, *affd* 49 NY2d 720; *see also*, Prince, Richardson on Evidence § 8-208, at 517 [Farrell 11th ed]). However, given the existence of the signed agreements and the arguments raised by plaintiff concerning the admissibility of Norris' statements under exceptions to the hearsay rule (*see*, Prince, Richardson on Evidence §§ 8-208, 8-614, at 515, 652 [Farrell 11th ed]), we do not find defendants' position on this motion to be dispositive at this stage.

Furthermore, in order to defeat a motion to dismiss, a plaintiff may show that unavailable facts might exist to justify denial of the motion (*see*, *Peterson v Spartan Indus.*, 33 NY2d 463, 466; *Cerchia v V. A. Mesa, Inc.*, 191 AD2d 377, 378; *see also*, CPLR 3211 [d]). Accordingly, we conclude that defendants' motion should have been denied given, *inter alia*, the lack of discovery and the allegations plaintiff has already raised as to Norris' actual and/or apparent authority to act for Applegate and plaintiff's reliance on same (*see generally*, *Hallock v State of New York*, 64 NY2d 224, 231). Plaintiff's pleadings in establishing agency clearly do not advance a frivolous position; thus, the matter should go forward and discovery should be permitted (*see*, *Amigo Foods Corp. v Marine Midland Bank*, 39 NY2d 391, 395; *Augsbury Corp. v Petrokey Corp.*, 97 AD2d 173, 176).

Mercure, Crew III, White and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and motion denied.