■ RALPH PERSONIUS, Appellant, v GARY BUTTERS et al., Respondents, et al., Defendant. [671 NYS2d 860] —Peters, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered March 14, 1997 in Tompkins County, which granted a motion by defendants Gary Butters and Butters Homes to dismiss the complaint.

On June 3, 1994, plaintiff, a New York resident, signed a contract to purchase a modular home from defendant Butters Homes, a dealership owned by defendant Gary Butters in Tioga County, Pennsylvania. All negotiations for the execution thereof occurred at the Pennsylvania dealership. The home

selected was manufactured by defendant New Era Building Systems, Inc., a Pennsylvania-based company.

Following the delivery and assembly of the home on plaintiff's property in Tompkins County, plaintiff contended that he began to experience problems. He thereafter commenced this action asserting negligence, breach of statutory and implied warranties and breach of contract. Butters and Butters Homes (hereinafter collectively referred to as defendants) moved to dismiss the complaint based upon the presence of a forum selection clause in the parties' contract which selected Tioga County, Pennsylvania, as the forum for any litigation. Supreme Court granted defendants' motion and dismissed the complaint. Plaintiff appeals.

"It is well established that forum selection clauses are valid absent a showing that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or over-reaching" (*VOR Assocs. v Ontario Aircraft Sales & Leasing*, 198 AD2d 638, 639 [citations omitted]; *see*, *Bell Constructors v Evergreen Caissons*, 236 AD2d 859; *Hirschman v National Textbook Co.*, 184 AD2d 494). In the absence of any showing that the forum selection clause designating Pennsylvania as the forum for the commencement of litigation was improper or invalid, we find no basis to reinstate the causes of action alleging negligence, breach of contract or implied warranty. Plaintiff's contention that the availability of an appropriate forum in Pennsylvania over 50 miles away renders the enforcement of such provision unreasonable is simply unavailing.

Finding plaintiff's remaining contentions unavailing, we hereby affirm the order of Supreme Court.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.