■ JULIO VASQUEZ et al., Respondents, v HEIDELBERG HARRIS INC., Now Known as HEIDELBERG NORTH AMERICA, INC., Appellant, et al., Defendants. (And a Third-Party Action.) [696 NYS2d 456] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered June 19, 1998, which, in a products liability action, denied defendant-appellant's motion to sanction plaintiffs for failure to comply with a prior order directing them to serve answers to interrogatories setting forth the factual basis for their allegation that defendant manufactured the allegedly defective product, with leave to renew upon completion of disclosure from defendant, unanimously affirmed, with costs.

Disclosure from defendant on the issue of whether it or a predecessor or close affiliate manufactured the allegedly defective printing press is warranted by the fact that defendant is a manufacturer of printing presses, that the label on the subject press contains a portion of defendant's corporate name as sued herein, and that such name is itself suggestive of a corporate history involving a name change. Pending such disclosure, plaintiffs should not be put to their proof on the issue of defendant's relationship to the press (*see, Cerchia v V.A. Mesa, Inc.*, 191 AD2d 377; *Antonucci v Emeco Indus.*, 223 AD2d 913; *Watson v Work Wear Corp.*, 202 AD2d 231). Concur—Ellerin, P. J., Wallach, Lerner, Rubin and Buckley, JJ.