■ D.O.T. Tiedown & Lifting Equipment, Inc., Respondent, v Douglas B. Wright, Appellant. [707 NYS2d 893] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated March 2, 1999, as denied his cross motion, among other things, to dismiss the complaint on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

In July 1996 the plaintiff and the defendant, its employee, entered into an employment agreement which contained a restrictive covenant providing, inter alia, that upon the termination of the defendant's employment with the plaintiff, the defendant would not engage in a similar line of work within a certain geographical area for two years. The agreement also provided that the defendant consented to the jurisdiction of the

courts of the State of New York. The plaintiff brought this action, among other things, to recover damages for the defendant's alleged breach of the restrictive covenant.

It is well settled that forum selection clauses are prima facie valid (*see, Brooke Group v JCH Syndicate 488,* 87 NY2d 530; *Hirschman v National Textbook Co.,* 184 AD2d 494; *Personius v Butters,* 249 AD2d 831; *Micro Balanced Prods. Corp. v Hlavin Indus.,* 238 AD2d 284; *Bell Constructors v Evergreen Caissons,* 236 AD2d 859; *M/S Bremen v Zapata Off-Shore Co.,* 407 US 1). In order to set aside such a clause, a party must show either that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the forum set in the contract would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court (*see, Hirschman v National Textbook Co.,* 184 AD2d 494, *supra*). The defendant failed to make a sufficient showing that the clause was a product of overreaching or was unreasonable, or that its enforcement would be unjust (*see, Hirschman v National Textbook Co., supra,* at 495). Accordingly, the Supreme Court properly denied that branch of the defendant's cross motion which was to dismiss the complaint on the ground of lack of personal jurisdiction.

There are, moreover, issues of fact as to the terms of the restrictive covenant and the nature of the businesses of the plaintiff and the defendant. Therefore, the Supreme Court correctly denied that branch of the cross motion which was for summary judgment dismissing the complaint (*see, Stalter v Prudential Ins. Co.,* 220 AD2d 577). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.