■ ORANGE COUNTY—POUGHKEEPSIE MSA LIMITED PARTNERSHIP, Doing Business as BELL ATLANTIC MOBILE, Respondent, v THEODORE J. BONTE et al., Appellants. [754 NYS2d 312] —In an action, inter alia, for a judgment declaring the parties' rights with respect to a wireless communications facility, the defendants appeal from a judgment of the Supreme Court, Dutchess County (Dolan, J.), dated May 17, 2001, which, upon an order of the same court, dated May 2, 2001, denying the motion of the defendant Theodore J. Bonte for summary judgment dismissing the complaint and declaring him to be the owner of a communications tower located on certain leased premises, and granting the plaintiff's cross motion for summary judgment on the complaint and dismissing the defendants' counterclaim and affirmative defenses, declared, among other things, that the communications tower and other installations placed upon the leased premises by the plaintiff pursuant to the lease were the plaintiff's property and could be removed by the plaintiff upon the termination of the lease.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendants' contentions, the communications tower erected by the plaintiff on the leased premises was a trade fixture, as it was annexed to the leased premises by the plaintiff, and intended to be used solely for the plaintiff's business and trade (*see J.K.S.P. Rest. v County of Nassau,* 127 AD2d 121, 125). As such, the tower remained the plaintiff's personal property and was removable by the plaintiff upon termination of the lease, absent any evidence that such removal would cause injury to the land (*see J.K.S.P. Rest. v*

*County of Nassau, supra* at 125-126). Furthermore, the Supreme Court properly refused to consider the surrounding circumstances offered by the defendants in support of their arguments to the contrary, as the relevant terms of the lease were clear and unambiguous on their face (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163; *Intercontinental Planning v Daystrom, Inc.*, 24 NY2d 372, 379; *Sumitomo Bank of N.Y. Trust Co. v Town of N. Hempstead*, 278 AD2d 402, 403). Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.