■ CV Holdings, LLC, Doing Business as CVH, Respondent, v Bernard Technologies, Inc., Appellant. [788 NYS2d 445]—

Mercure, J.P. Appeal from an order of the Supreme Court (Sise, J.), entered March 24, 2004 in Montgomery County, which, inter alia, granted plaintiff's motion for summary judgment.

In this action, plaintiff, the assignee of a promissory note executed by defendant, seeks to enforce an acceleration clause of the note in response to defendant's alleged default. Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint on the ground that Supreme Court lacks personal jurisdiction over it. Supreme Court denied defendant's cross motion and granted plaintiff's motion for summary judgment, concluding, as relevant here, that defendant failed to show that the forum selection clause in the promissory note should not be enforced. Defendant appeals and we now affirm.

It is well settled that " 'parties to an agreement may consent to submit to the jurisdiction of a court [that] would otherwise not have personal jurisdiction over them' " (*Dine-A-Mate v J.B. Noble's Rest.*, 240 AD2d 802, 803 [1997], quoting *Banco do Commercio e Industria de Sao Paolo v Esusa Engenharia e Construcoes*, 173 AD2d 340, 341 [1991]). Such forum selection clauses will be deemed valid unless enforcement would be unreasonable or unjust, or there has been fraud or overreaching (*see Personius v Butters*, 249 AD2d 831, 832 [1998]; *VOR Assoc. v Ontario*

---

*Aircraft Sales & Leasing*, 198 AD2d 638, 639 [1993]). Here, in addition to designating Amsterdam, New York, as the place of performance and including a New York choice of law provision, the promissory note states: *"Venue*. [Defendant] agrees that the courts located in Montgomery County, New York shall be the venue for all legal actions instituted to enforce or defend any rights or obligations contained herein. [Defendant] agrees that venue in the State of New York is proper and waive [*sic*] any objection that such forum is inconvenient or improper."

Although defendant now contends that this clause cannot be deemed a consent to personal jurisdiction because it uses the word "venue" instead of "jurisdiction," we agree with plaintiff that to interpret the provision as defendant urges would render it meaningless inasmuch as a court that lacks jurisdiction cannot, at the same time, be the proper venue for an action. Indeed, defendant's interpretation contradicts the last sentence of the forum selection provision, which broadly states that defendant "waive[s] *any* objection that such forum is inconvenient *or improper"* (emphasis added), presumably including objections to the court's jurisdiction. Moreover, defendant's argument that its president and chief operating officer was unaware that venue and jurisdiction are separate legal requirements merely strengthens plaintiff's assertion that the parties intended to submit to the jurisdiction of the New York courts, despite the use of the term "venue." Absent a showing of fraud, overreaching, unreasonableness or injustice, and in light of the provision's unambiguous designation of Montgomery County, New York as the venue for any disputes, Supreme Court properly granted plaintiff's motion for summary judgment and denied defendant's cross motion seeking dismissal of the complaint (*see British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234 [1991]).

Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.