Tower Broadcasting, LLC v Equinox Broadcasting Corp. (2018 NY Slip Op 02978)





Tower Broadcasting, LLC v Equinox Broadcasting Corp.


2018 NY Slip Op 02978


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND TROUTMAN, JJ.


453 CA 17-02126

[*1]TOWER BROADCASTING, LLC, PLAINTIFF-RESPONDENT,
v
EQUINOX BROADCASTING CORP., DEFENDANT-APPELLANT. 






HINMAN, HOWARD & KATTELL, LLP, BINGHAMTON (DANIEL R. NORTON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
COUGHLIN & GERHART, LLP, BINGHAMTON (ROBERT H. MCKERTICH OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 21, 2017. The order denied the motion of defendant to dismiss the complaint and the motion of defendant for a change of venue. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, a declaration that it owns a broadcast tower located on real property owned by defendant and has a right to remove the tower from that property. Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), contending that plaintiff failed to state a cause of action. In the alternative, defendant separately moved to transfer the venue of the action from Monroe County to Chemung County. We conclude that Supreme Court properly denied both motions.
"When reviewing a defendant's motion to dismiss a complaint for failure to state a cause of action, a court must give the complaint a liberal construction, accept the allegations as true and provide plaintiff[] with the benefit of every favorable inference . . . Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Cortlandt St. Recovery Corp. v Bonderman, — NY3d &mdash, &mdash, 2018 NY Slip Op 01149, *4 [2018] [internal quotation marks omitted]). Here, the complaint, with its attached exhibits, adequately sets forth causes of action for a declaratory judgment, breach of contract, quantum meruit and unjust enrichment, and defendant's contentions to the contrary raise issues of fact and do not warrant relief under CPLR 3211 (a) (7).
We further conclude that the court properly denied the motion to change the venue of the action. Pursuant to CPLR 501, a "written agreement fixing [the] place of trial, made before an action is commenced, shall be enforced upon a motion for change of [the] place of trial." Here, the two written agreements that form the basis of plaintiff's causes of action fix the place of trial as Monroe County. We reject defendant's contention that plaintiff cannot enforce the forum selection provision of the amended settlement agreement entered into between defendant and plaintiff's predecessor in interest. Plaintiff, as the assignee of its predecessor in interest, may enforce the forum selection provisions of that contract inasmuch as an assignee stands in the shoes of the assignor and is thus subject to all the benefits and burdens of the assignor (see e.g. Sterling Natl. Bank v Eastern Shipping Worldwide, Inc., 35 AD3d 222, 223 [1st Dept 2006]; CV Holdings, LLC v Bernard Tech., Inc., 14 AD3d 854, 854-855 [3d Dept 2005]; GMAC Commercial Credit, LLC v Dillard Dept. Stores, Inc., 198 FRD 402, 406-407 [SD NY 2001]; see generally Matter of International Ribbon Mills [Arjan Ribbons], 36 NY2d 121, 126 [1975]). Moreover, because plaintiff alleges that it owns the tower as the result of the asset purchase agreement executed by plaintiff and its predecessor in interest, the forum selection provision in [*2]that agreement may also be enforced.
Defendant contends that Chemung County is the "proper" forum on the ground that the tower and the real property upon which it is situated are both located in Chemung County (CPLR 510 [1]; see CPLR 507, 508). We reject that contention. First, this action concerns a broadcasting tower, which is a trade fixture and therefore retains its character as personal property (see Orange County—Poughkeepsie MSA Ltd. Partnership v Bonte, 301 AD2d 583, 583-584 [2d Dept 2003]). Thus, CPLR 507, which concerns actions involving real property, is inapplicable.
Second, although CPLR 508 provides that the "place of trial of an action to recover a chattel may be in the county in which any part of the subject of the action is situated at the time of the commencement of the action" (emphasis added), that section is permissive and not mandatory. Thus, it does not preclude an action in another venue, particularly where, as here, there is a written agreement fixing the place of trial in that other venue.
Contrary to defendant's further contention, it failed to establish any reason to believe that an impartial trial could not be held in Monroe County or that the convenience of material witnesses and the ends of justice would be promoted by a change of venue (see CPLR 510 [2], [3]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court