Gonzalez-Doldan v Kaleida Health, Inc. (2018 NY Slip Op 02940)





Gonzalez-Doldan v Kaleida Health, Inc.


2018 NY Slip Op 02940


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


237 CA 17-01764

[*1]FEDERICO C. GONZALEZ-DOLDAN, M.D., PLAINTIFF-RESPONDENT,
v
KALEIDA HEALTH, INC., MARGARET PAROSKI, GEORGE NARBY, KEVIN J. GIBBONS, JOHN KOELMEL, STEPHANIE SAUNDERS AND DEGRAFF MEMORIAL HOSPITAL, DEFENDANTS-APPELLANTS. 






HODGSON RUSS LLP, BUFFALO (CYNTHIA GIGANTI LUDWIG OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
BROWN CHIARI LLP, BUFFALO (TIMOTHY M. HUDSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered January 20, 2017. The order denied in part defendants' motion to dismiss plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action asserting causes of action for, inter alia, defamation, tortious interference with business relations, and breach of fiduciary duty based on, among other things, plaintiff's suspension and the termination of his clinical privileges at defendant Kaleida Health, Inc. Defendants moved, as relevant to this appeal, to dismiss the complaint based on various grounds set forth in CPLR 3211, and Supreme Court denied the motion in part. We affirm. As a preliminary matter, we note that, since the entry of the order on appeal, plaintiff has voluntarily discontinued the action against defendants John Koelmel and Stephanie Saunders. We further note that plaintiff has also voluntarily discontinued against all defendants his causes of action based on negligent infliction of emotional distress and the Age Discrimination in Employment Act (29 USC § 521 et seq. ).
Contrary to the contention of the remaining defendants, we conclude that the court providently exercised its discretion in denying the motion with respect to the remainder of the causes of action without prejudice to renew after discovery (see CPLR 3211 [d]; see generally Herzog v Town of Thompson , 216 AD2d 801, 803 [3d Dept
1995]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court