Somerset Fine Home Building, Inc., Plaintiff,

against
Simplex Industries, Inc., Defendant.


615834-18

CHARLES GLEIS, P.C.
Attorney for Plaintiff
551 N. Country Road, Suite 204
St. James, New York 11780
JOSEPH, TERRACCIANO & LYNAM, LLP
Attorneys for Defendant
2 Roosevelt Avenue, Suite 200
Syosset, New York 11791
TWOMEY, LATHAM, SHEA, KELLEY, DUBIN & QUARTARAO, LLP
Attorneys for Non-Parties William Gambrill and Kaitlyn Gambrill
33 West Second Street
P.O. Box 9398
Riverhead, New York 11904


Elizabeth H. Emerson, J.

Upon the following papers read on these motions to dismiss and to amend complaint ; Order to Show Cause and supporting papers5-14; 26-28 ; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers19-21; 31-34; [*2]35 ; Replying Affidavits and supporting papers 23-25 ; it is,
ORDERED that the branch of the motion by the defendant which is for an order dismissing the complaint is granted; and it is further
ORDERED that the motion is otherwise denied as academic; and it is further
ORDERED that the motion by the plaintiff for leave to amend the complaint to add William Gambrill and Kaitlyn Gambrill as plaintiffs is denied as academic.
The plaintiff is a home builder with offices in Suffolk County, New York. The defendant is a manufacturer of modular homes located in Scranton, Pennsylvania. Pursuant to a written sales agreement dated May 16, 2017, the plaintiff agreed to purchase a modular home from the defendant. The base purchase price was $886,080.00. The home was delivered to a site in Bridgehampton, New York, where it was to be erected by the plaintiff for the homeowners, William and Kaitlyn Gambrill. The sales agreement provided, in pertinent part, that any disputes arising thereunder would be determined by the law of the Commonwealth of Pennsylvania and that the exclusive forum for any action to enforce the agreement would be the Court of Common Pleas of Lackawanna County, Pennsylvania. The plaintiff commenced this action for breach of contract, breach of warranty, and fraud alleging, inter alia, that the defendant failed to deliver conforming, merchantable goods pursuant to the parties' agreement. The defendant moves, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (2), arguing that the court lacks subject matter jurisdiction because the parties have agreed to litigate their dispute in Pennsylvania.
It is axiomatic that a court cannot be divested of its subject matter jurisdiction by a contract (Lischinskaya v Carnival Corp., 56 AD3d 116, 122). Thus, the forum-selection clause does not affect the jurisdiction of the court (Id.). As a term of the contract between the parties, however, the contractual forum-selection clause is documentary evidence that may provide a proper basis for dismissal under CPLR 3211 (a) (1) (Id. at 123). Accordingly, the court will consider the defendant's motion as having been made under CPLR 3211 (a) (1).
Although once disfavored by the courts, it is now recognized that parties to a contract may freely select a forum to resolve any disputes over the interpretation or performance of the contract. Such clauses are prima facie valid and enforceable unless shown by the resisting party to be unreasonable (see, Brooke Group v JCH Syndicate, 87 NY2d 530, 534). Public policy supports a broad reading of forum selection clauses (see, Travelers Prop. Cas. Co. of Am. v Centimark Corp., US Dist Ct, SD Ohio, May 3, 2005, Holschuh, J. [2005 WL 1038842] at *2), and parties seeking to avoid their enforcement must make a "strong showing" (see, Bell Constructors v Evergreen Caissons, 236 AD2d 859, 860; Mercury West A.G. v R.J. Reynolds Tobacco Co., US Dist Ct, SDNY, Mar. 5, 2004, Keenan, J. [2004 WL 421793] at *3). The challenging party is required to show that enforcement would be unreasonable and unjust, that it would contravene public policy, or that it is invalid because of fraud or overreaching such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court (see, D.O.T. Tiedown & Lifting Equip. v Wright, 272 AD2d 290, 291; Koko Contr. v Continental Envtl. Asbestos Removal Corp., 272 AD2d 585, 586; Bell Constructors v Evergreen Caisons, supra).
The plaintiff contends that the forum-selection clause should be set aside because the parties' agreement is unconscionable. A determination of unconscionability generally requires some showing of an absence of meaningful choice on the part of one of the parties, together with [*3]contract terms that are unreasonably favorable to the other party (Gillman v Chase Manhattan Bank, 73 NY2d 1, 10). The purpose of the doctrine is not to redress the inequality between the parties, but simply to ensure that the more powerful party cannot surprise the other party with some overly oppressive term (Brower v Gateway 2000, 246 AD2d 246, 253).
The forum-selection clause in this case is not hidden or tucked away within a complex document of inordinate length. It appears in the same size print as the rest of the agreement (Brower v Gateway 2000, supra), each page of which has been initialed by the plaintiff's principal. The plaintiff does not contend that the defendant used high-pressure tactics to get it to sign the agreement. Rather, the plaintiff contends that it was in a weaker bargaining position than the defendant and that it had no choice. The fact that the parties do not possess equal bargaining power does not invalidate a contract as one of adhesion (Id. at 252). Moreover, the parties acknowledged in the agreement that they had the opportunity to obtain the assistance of counsel in the negotiation, drafting, and execution of the agreement.
The plaintiff contends that it is a small company that cannot travel to Lackawanna County, Pennsylvania, to redress wrongs suffered in Suffolk County, New York. Simply claiming financial distress does not warrant setting aside a valid forum-selection clause (Mercury West A.G. v R.J. Reynolds Tobacco Co., supra at *4). The plaintiff has offered no evidence that the cost of commencing an action in Pennsylvania would be so financially prohibitive that, for all practical purposes, it would be deprived of its day in court (see, Horton v Concerns of Police Survivors, Inc., 62 AD3d 836, 837). Moreover, the fact that Pennsylvania is not the plaintiff's home venue is not determinative (Mercury West A.G. v R.J. Reynolds Tobacco Co., supra at *6). The plaintiff does not contend that Pennsylvania would treat it unfairly and deny it a chance to gain a remedy (Id.).
In view of the foregoing, the court finds that the agreement in this case is not so outrageous and oppressive as to warrant a finding of unconscionability. In any event, unconscionability has little applicability in a commercial setting (Master Lease Corp. v Manhattan Limousine, Ltd., 177 AD2d 85, 90; see also Dallas Aerospace v CIS Air Corp., US Dist Ct, SDNY, Oct. 31, 2002, Jones, J. [2002 WL 31453789] at *3, affd 352 F3d 775 [2nd Cir]). It is primarily a means with which to protect the commercially illiterate consumer beguiled into a grossly unfair bargain by a deceptive vendor or finance company (Master Lease Corp. v Manhattan Limousine, Ltd., supra). Here, the clause and the contract are the products of an arm's-length business agreement (Mercury West A.G. v R.J. Reynolds Tobacco Co., supra at *5).
Finally, contrary to the plaintiff's contentions, its claims arise out of the parties' sales agreement. The plaintiff alleges in its complaint that the defendant failed in its obligation to provide conforming, merchantable goods pursuant to the parties' contract. Accordingly, the branch of the defendant's motion which is to dismiss the complaint is granted.
Dated: December 14, 2018
Hon. Elizabeth H. Emerson
J.S.C.