Wallkill Med. Dev., LLC v Medi-Fair, Inc. (2022 NY Slip Op 00899)





Wallkill Med. Dev., LLC v Medi-Fair, Inc.


2022 NY Slip Op 00899


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-00268
 (Index No. 332/17)

[*1]Wallkill Medical Development, LLC, appellant,
v
Medi-Fair, Inc., et al., respondents.


Bartels & Feureisen, LLP, White Plains, NY (Michael Fahey of counsel), for appellant.
Marvin Newberg, Monticello, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), entered April 19, 2019. The judgment, upon an order of the same court dated November 7, 2018, granting the defendants' motion for summary judgment on their counterclaims, which sought certain declaratory relief and an award of attorney's fees pursuant to the parties' lease, and dismissing the complaint, and upon a decision of the same court dated March 5, 2019, made after a hearing to determine the amount of the attorney's fees due to the defendants, is in favor of the defendants and against the plaintiff declaring that the defendant Medi-Fair, Inc., is the sole and rightful owner of a certain sales counter and customer display unit that the defendants removed from the leased premises at the end of the lease term, awarding the defendants attorney's fees in the sum of $16,625.50, and dismissing the complaint.
ORDERED that on the Court's own motion, the notice of appeal from the order dated November 7, 2018, is deemed a premature notice of appeal from the judgment entered April 19, 2019 (see CPLR 5520[c]); and it is further,
ORDERED that the judgment is reversed, on the law, the defendants' motion for summary judgment on their counterclaims, which sought certain declaratory relief and an award of attorney's fees pursuant to the parties' lease, and dismissing the complaint is denied, the complaint is reinstated, and the order dated November 7, 2018, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On or about December 28, 2005, the plaintiff, Wallkill Medical Development, LLC (hereinafter Wallkill), as landlord, and the defendant Medi-Fair, Inc. (hereinafter Medi-Fair), as tenant, entered into a 10-year commercial lease with regard to the ground floor of a newly constructed medical office building located in Middletown.
Pursuant to the lease, Medi-Fair, which is a medical supply business, was permitted to use the premises only for the retail display and sale of durable medical equipment, home health care supplies, and oxygen supplies. The lease required Wallkill to complete construction of the [*2]interior of the premises (hereinafter the tenant fit-up) according to certain plans and specifications to be prepared by Wallkill with Medi-Fair's input, subject to Wallkill's approval. The lease provided for an allowance to be charged to the tenant fit-up. Further, the lease provided that, in the event Medi-Fair's fit-up costs exceeded the allowance or Medi-Fair required quantities greater than the stated fit-up entitlements or items not specified, the additional charges would be at Medi-Fair's sole cost and expense.
As part of the tenant fit-up, Medi-Fair had Wallkill construct and install at the premises a customized sales counter and customer display unit similar to one that Medi-Fair had in place at its main facility. In the end, Medi-Fair's fit-up work, including extra design costs and additional items such as the sales counter and customer display unit, exceeded the allowance, requiring Medi-Fair to pay Wallkill for the excess costs.
The lease required Medi-Fair to redeliver possession of the premises to Wallkill at the end of the lease term in the condition in which the premises were delivered to Medi-Fair. Nonetheless, prior to vacating the premises on November 30, 2016, Medi-Fair removed the sales counter and customer display unit.
Wallkill commenced this action against Medi-Fair and its owner, Marilyn Gitlin, alleging that the sales counter and customer display unit was intended to be a permanent fixture of the premises and that the defendants had breached the lease by removing the sales counter and customer display unit from the premises at the end of the lease term. The defendants interposed an answer to the complaint with counterclaims for a judgment declaring that Medi-Fair is the sole and rightful owner of the sales counter and customer display unit, which is a trade fixture, and for an award of attorney's fees pursuant to the lease.
Upon the completion of discovery, the defendants moved for summary judgment on their counterclaims and dismissing the complaint. Wallkill opposed the motion. In an order dated November 7, 2018, the Supreme Court granted the defendants' motion, finding that the sales counter and customer display unit "qualifies as a trade fixture." Thereafter, in a decision dated March 5, 2019, made after a hearing, the court determined that, in accordance with the terms of the lease, the defendants were entitled to an award of attorney's fees in the requested sum of $16,625.50. Subsequently, upon the order and the decision, the court entered a judgment in favor of the defendants and against Wallkill declaring that Medi-Fair is the sole and rightful owner of the sales counter and customer display unit, awarding the defendants attorney's fees in the sum of $16,625.50, and dismissing the complaint. Wallkill appeals.
We agree with Wallkill that the defendants failed to establish as a matter of law that the sales counter and customer display unit is a trade fixture that they properly removed from the premises at the end of the lease term. Contrary to the defendants' contention, the fact that Medi-Fair, pursuant to the express and agreed upon terms of the lease regarding the tenant fit-up, paid extra for Wallkill to construct and install the customized sales counter and customer display unit does not, under the circumstances, make it a trade fixture as a matter of law (see generally J.K.S.P. Rest. v County of Nassau , 127 AD2d 121, 125-127; cf . Orange County-Poughkeepsie MSA Ltd. Partnership v Bonte , 301 AD2d 583, 583-584). Rather, read together, the articles of the lease pertaining to the tenant fit-up, alterations, and redelivery of the premises at the end of the lease term raise a triable issue of fact as to whether the parties intended items such as the sales counter and customer display unit annexed to the premises by Wallkill as part of the initial, interior construction and tenant fit-up, as compared with any post-occupancy alterations and/or additions of fixtures to the premises by Medi-Fair, to be permanent fixtures of the premises. Thus, the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the complaint and on their counterclaim for a judgment declaring that Medi-Fair is the sole and rightful owner of the sales counter and customer display unit and, concomitantly, on their counterclaim for attorney's fees under the lease.
In light of the foregoing determination, we need not reach the parties' contentions regarding the award of attorney's fees.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court