Slomba v Klepp (2023 NY Slip Op 00574)

Slomba v Klepp

2023 NY Slip Op 00574

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CURRAN, AND BANNISTER, JJ.

923 CA 22-00828

[*1]RENEE. SLOMBA, PLAINTIFF-RESPONDENT, 
v
KRISTAN E. KLEPP, DEFENDANT-APPELLANT. 

BURDEN, HAFNER & HANSEN, LLC, BUFFALO (DONNA L. BURDEN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
THE JOY E. MISERENDINO LAW FIRM, P.C., ORCHARD PARK (JOY E. MISERENDINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered April 22, 2022. The order denied the motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this personal injury action arising from a motor vehicle accident, defendant moved to dismiss the complaint on the ground that plaintiff was required, and failed, to serve a notice of claim pursuant to General Municipal Law § 50-e (1) (b). Defendant appeals from an order that denied her motion. Contrary to defendant's contention, we conclude that Supreme Court did not abuse its discretion in denying the motion without prejudice to renew after limited discovery on the issue whether plaintiff was required to serve a notice of claim (see CPLR 3211 [d]; Gonzalez-Doldan v Kaleida Health, Inc., 160 AD3d 1384, 1384 [4th Dept 2018]; see generally Herzog v Town of Thompson, 216 AD2d 801, 803 [3d Dept 1995]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court