Matter of Jacobs v Basile (2024 NY Slip Op 05515)

Matter of Jacobs v Basile

2024 NY Slip Op 05515

Decided on November 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 7, 2024

CV-23-0747
[*1]In the Matter of Robert Jacobs et al., Respondents,
v
James Basile, Individually and as Assessor for the Town of Franklin, et al., Appellants, et al., Defendants.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Coughlin & Gerhart LLP, Binghamton (Nicholas S. Cortese of counsel), for appellants.
Nolan Heller Kauffman LLP, Albany (John V. Hartzell of counsel), for respondents.

Fisher, J.
Appeal from an order of the Supreme Court (John F. Lambert, J.), entered March 24, 2023 in Delaware County, which, in a combined proceeding pursuant to RPTL 706 and action for declaratory judgment, among other things, granted petitioners' motion for leave to amend the petition/complaint.
In 2021, respondent James Basile, in his capacity as Assessor for the Town of Franklin (hereinafter the assessor), and respondent Board of Assessment Review (hereinafter the BAR) for respondent Town of Franklin (hereinafter the Town; hereinafter collectively referred to as respondents), undertook a townwide comprehensive review and reappraisal of the fair market value of all properties in the Town for the purpose of establishing assessed valuation at 100% of fair market value, as well as the assessed values of their respective properties for the 2022 tax year. As a result of the reassessment, petitioners saw that their property values had increased by an average of approximately 90%, and subsequently enlisted the help of Laurence P. Farbstein, an expert assessor, to independently determine the value of their properties. Following several Freedom of Information Law (hereinafter FOIL) requests to the assessor, who redacted certain processes and formulae used to arrive at his determinations, Farbstein used the limited data to perform a random statistical sample from residential parcels in the Town. He then compared these results to residential parcels owned by members of the Town Board and the BAR (hereinafter the town officials), and to the residential parcels owned by petitioners. As a result of his analysis, Farbstein determined that the parcels owned by the town officials had the lowest square foot values in the Town, the other residents of the Town had the next lowest rate, and that the parcels owned by petitioners had the highest rate — which was more than double the square foot value rate of the town officials.[FN1]
Petitioners, believing that their property valuations had received unequal treatment under the law, filed a tax complaint with the BAR, which was denied. Petitioners then commenced this hybrid proceeding/action asserting four causes of action which sought, among other things, declaratory relief, refunds of all excess taxes paid and injunctive relief. Respondents moved pre-answer to dismiss three causes of action pursuant to CPLR 3211 (a) (7), and petitioners opposed and cross-moved to amend their verified petition/complaint, adding a fifth cause of action. Supreme Court granted petitioners' cross-motion to amend pursuant to CPLR 3025 (b), and denied respondents' motion to dismiss with leave to renew "after discovery is complete." Respondents appeal.
Respondents contend that Supreme Court "unnecessarily" granted petitioners' motion to amend the verified petition/complaint under CPLR 3025 (b) because petitioners could have, and should have, amended as of right under CPLR 3025 (a). According to respondents, this had the erroneous effect of automatically [*2]rendering moot their motion to dismiss. As a result of the purported error, respondents contend that Supreme Court erred in declining to entertain the merits of their motion to dismiss until after the completion of discovery.
Contrary to respondents' contention, Supreme Court did not abuse its discretion in granting petitioners' cross-motion to amend pursuant to CPLR 3025 (b). Although a party may still be entitled to amend a pleading as of right (see CPLR 3025 [a]), that does not foreclose a party from seeking leave to amend a pleading — which may be sought and granted "at any time" (CPLR 3025 [b]). Nor does the sole reliance on either subdivision of CPLR 3025 impact whether the initial motion to dismiss may be heard by a trial court, as the original movant can elect to apply their request for dismissal to the amended pleading in either situation (compare Estate of Feenin v Bombace Wine & Spirits, Inc., 188 AD3d 1001, 1003 [2d Dept 2020] [hearing motion to dismiss where the complaint was amended as of right], with Schmaltz Brewing Co., LLC v Dog Cart Mgt. LLC, 202 AD3d 1349, 1350 n [3d Dept 2022] [hearing motion to dismiss where the plaintiff cross-moved for leave to amend the complaint]).
To this point, respondents contend that they elected to apply their motion to dismiss to the amended verified petition/complaint, and that Supreme Court erred in failing to perform a merits-based review of their motion to dismiss. We disagree. A trial court has the discretion to deny a motion to dismiss if it appears that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3211 [d]; see Dine-A-Mate v J.B. Noble's Rest., 240 AD2d 802, 804 [3d Dept 1997]; see also Lemle v Lemle, 92 AD3d 494, 499 [1st Dept 2012]). A party "opposing a motion to dismiss need only show that facts unavailable to the [party] may exist which will justify denial of the motion, and need not demonstrate the actual existence of such facts" (Cerchia v V.A. Mesa, Inc., 191 AD2d 377, 378 [1st Dept 1993]; see Herzog v Town of Thompson, 216 AD2d 801, 803 [3d Dept 1995]). Here, petitioners' verified petition/complaint, which was accompanied by an affidavit from Farbstein, indicated that certain information was still unknown to petitioners in order to fully determine the extent of the inequality in the assessment. Petitioners' opposition to the motion further contended that, despite multiple FOIL requests, respondents had still deprived petitioners of certain information and methodology used by the assessor in performing the reassessment. This allegation is corroborated by the record, which contains a correspondence from the assessor redacting certain inventory data because it includes his "mental processes and formulae used in arriving at [his] determinations." Petitioners contend that this information supports several of their causes of action which should be developed through discovery — particularly their fourth cause of action under General Municipal Law § 51 — [*3]and such contention corresponds with the results from Farbstein which suggest that the town officials received more favorable assessments (see Matter of Resnick v Town of Canaan, 38 AD3d 949, 952 [3d Dept 2007]; compare Herzog v Town of Thompson, 216 AD2d at 803). Although Supreme Court did not explicitly cite to CPLR 3211 (d), it relied on the language of this subsection and, based on the record before us — particularly the decision and order denying respondents' motion to reargue that elaborated on the need for further discovery — it is clear to us that Supreme Court acted within its discretion to deny respondents' motion to dismiss until discovery could be completed (see Lemle v Lemle, 92 AD3d at 499-500; Dine-A-Mate v J.B. Noble's Rest., 240 AD2d at 804; Cerchia v V.A. Mesa, Inc., 191 AD2d at 378). We have examined the remaining contentions of the parties and have found them to be without merit or rendered academic.
Clark, J.P., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Farbstein acknowledged that, although his analysis was statistically valid, he was unable to determine the full extent of the inequality in the reassessment due to FOIL redactions and the format in which the building site and building inventory were provided by the assessor.